# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CARLOS DAVID BERMUDEZ,

        Defendant-Appellant.

UNPUBLISHED
July 19, 2018

No. 339263
Allegan Circuit Court
LC No. 16-019998-FH

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Defendant appeals by right his convictions of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), and possession of marijuana, MCL 333.7403(2)(d). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to serve 10 months in jail for possession of methamphetamine and 76 days in jail for possession of marijuana. Defendant was also placed on probation for three years. On appeal, defendant challenges only the sufficiency of the evidence supporting his conviction of possession of methamphetamine. We affirm.

Defendant was the front seat passenger in the vehicle involved in a traffic stop. During the stop, the officer smelled marijuana coming from the vehicle and asked the occupants where the marijuana was located. Defendant initially denied the presence of marijuana in the vehicle, but he eventually acknowledged that he had passed a Mason jar containing marijuana to a backseat passenger for the jar to be placed under the driver's seat.

After locating the Mason jar, the officer searched defendant and found needles and a bottle cap containing fibers in defendant's front coat pocket. The bottle cap, which had a visible white residue, was sent to the crime laboratory for testing and was determined to contain methamphetamine.

Defendant presents two reasons why a rational trier of fact could not find him guilty of possession of methamphetamine. First, he contends that the quantity of methamphetamine was not visible to the naked eye; consequently, it was insufficient to warrant a conviction. Second, he argues that because he was wearing a coat that was not his, there is no evidence to suggest that he knew that the bottle cap was in the coat, particularly when no DNA or fingerprint evidence affirmatively linked him to the bottle cap. We disagree with both arguments.

-1-

"This Court reviews de novo [a] defendant's challenge to the sufficiency of the evidence." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). This Court reviews the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). In doing so, this Court must not interfere with the jury's role as the trier of fact in determining the weight of the evidence or the credibility of witnesses. *Id*. at 514-515.

With respect to defendant's first argument, we conclude there is sufficient evidence in the record for a rational jury to have concluded that the amount of narcotics at issue was sufficient to establish a violation of MCL 333.7403(2)(b)(*i*). Possession of "[a]ny substance which contains any quantity of methamphetamine" is a violation of the law. MCL 333.7214(c)(*ii*); see MCL 333.7403(2)(b)(*i*). "Where there is an amount of narcotic visible to the naked eye, regardless of how much it is, there is a sufficient amount to permit prosecution." *People v Harrington*, 396 Mich 33, 49; 238 NW2d 20 (1976).

In *Harrington*, the evidence presented was in the form of two bottle caps containing visible residue. *Id*. at 38. Likewise, in this case, an expert in controlled substance analysis for the Michigan State Police crime laboratory testified that she observed a white residue on the bottle cap and fibers. Her testimony, while challenged by defense counsel in his closing statement, was not contradicted by any other evidence or testimony at trial. Therefore, this evidence, when viewed in a light most favorable to the prosecution, would justify a rational jury's finding that the cap contained a legally sufficient amount of methamphetamine to support a conviction.

With respect to defendant's second argument, the *Harrington* Court also held that the requisite knowledge of possession is established when the quantity of the controlled substance is visible. *Id*. at 49. The substance in this case was visible as a white residue. That alone is sufficient to permit an inference of defendant's knowledge and support his conviction.

Additionally, a person need not have actual physical possession of a controlled substance to be guilty of possessing it. *Wolfe*, 440 Mich at 519-520. Possession may also be proved by circumstantial evidence and reasonable inferences drawn from this evidence. *Id*. at 526. When additional evidence, such as fingerprint evidence, might provide additional circumstantial proof of a defendant's guilt, it is not necessary for the prosecution to present it if the prosecution otherwise presented sufficient circumstantial evidence to support the defendant's conviction. *People v Hardiman*, 466 Mich 417, 430-431; 646 NW2d 158 (2002).

In this case, the bottle cap containing methamphetamine residue and the needles were in the same coat pocket. Defendant acknowledged possessing the coat and placing his girlfriend's needles in the coat. Additionally, defendant acknowledged telling the officer that his girlfriend would sometimes crush pills to inject intravenously. On the basis of this information and his experience and training, the officer initially suspected that the cap contained morphine and sent it to the laboratory for testing. Testing revealed that the cap contained methamphetamine. Defendant denied knowingly possessing methamphetamine, and there was no DNA or fingerprint evidence affirmatively linking him to the bottle cap. But a witness's credibility and the weight it is accorded is a question for the jury. *Id*. And while DNA or fingerprint evidence

might have provided additional circumstantial proof of defendant's guilt, the other circumstances surrounding defendant's possession, along with reasonable inferences, were sufficient to link defendant to the bottle cap. *Id*. When all the evidence is viewed in a light most favorable to the prosecution, a rational jury could find the essential elements of the offense of possession of methamphetamine were proved beyond a reasonable doubt. *Wolfe*, 440 Mich at 515.

We affirm.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey